UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ANDREW J. FREEMAN, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | 1:16-cv-00523-JAW |
| STATE OF MAINE,[1] | ) | |
| Respondent | ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

In this action, Petitioner Andrew J. Freeman seeks relief pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1; Amended Petition, ECF No. 20.) Following a jury trial, Petitioner was convicted of aggravated attempted murder, arson, and burglary. The Maine Law Court affirmed the convictions and the sentence. *State v. Freeman*, 2014 ME 35, 87 A.3d 719. Following an evidentiary hearing, the Superior Court denied Petitioner's petition for post-conviction review, and the Law Court denied discretionary review.

In his section 2254 petition, Petitioner asserts several claims of ineffective assistance of counsel. (Petition at 5; Attachment to Petition, ECF No. 1-1 at 1-2; Amended

---

[1] Petitioner has named the State of Maine as the respondent. In his petition, he states the location in which he is incarcerated. (Petition, ECF No. 1 at 1.) This recommended decision assumes, without recommending a decision, that if Petitioner's claims are not dismissed, Petitioner would be permitted to name as the respondent the custodian of the facility where he is incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004) (holding that the "immediate custodian" is the appropriate respondent when a petitioner challenges "present physical confinement").

Petition at 2-4.) Petitioner exhausted the following claims in state court: (1) that counsel provided ineffective assistance regarding plea offers; (2) that counsel failed to object to the prosecutor's reference in closing argument to the crime of stalking, with which Petitioner had not been charged or convicted, and the prosecutor's alleged reference to Petitioner's decision not to testify at trial; (3) that counsel failed to prepare Petitioner adequately for the sentencing hearing; and (4) that counsel failed to investigate sufficiently before counsel requested damaging records regarding Petitioner from the Maine Department of Health and Human Services (DHHS). Petitioner also alleges several unexhausted claims, including that counsel did not disclose to Petitioner that counsel was a personal friend of a state witness. The State requests summary dismissal. (Response, ECF No. 3.)

After a review of the section 2254 petition, the State's request for dismissal, and the record, I recommend the Court grant the State's request, and dismiss the petition.[2]

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Following a jury trial in September 2012, Petitioner was convicted of aggravated attempted murder (Class A), 17-A M.R.S. § 152-A(1)(A); aggravated attempted murder (Class A), 17-A M.R.S. § 152-A(1)(B); arson (Class A), 17-A M.R.S. § 802(1)(B)(2); and burglary (Class B), 17-A M.R.S. § 401(1)(B)(4). (*State v. Freeman*, No. SOPSC-CR-2011-00558, Judgment and Commitment at 1, Docket Record at 3-7.) *Freeman*, 2014 ME 35, ¶¶ 1, 8, 87 A.3d 719. In October 2012, counsel filed a motion to

---

[2] References to the petition includes all claims asserted in the original petition (ECF No. 1) and the amended petition. (ECF No. 20.)

produce Petitioner's DHHS records for sentencing, and the court granted the motion. (Docket Record at 4.)

In February 2013, on each of the counts of aggravated attempted murder, the court sentenced Petitioner to a prison term of 50 years, with all but 40 years suspended, to be followed by a term of four years of probation, with the sentences to be served concurrently. (Judgment and Commitment at 1, Docket Record at 5-6.) The court sentenced Petitioner to a prison term of 30 years on the arson count, and to a prison term of 10 years on the burglary count, with the sentences to be served concurrently with the term on Count 1 for aggravated attempted murder. (Judgment and Commitment at 1, Docket Record at 7.)

Petitioner appealed from the convictions and the sentence, and in March 2014, the Law Court affirmed. *Freeman*, 2014 ME 35, ¶ 1, 87 A.3d 719. Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court.

In April 2014, Petitioner filed a petition in state court for post-conviction review. (*Freeman v. State*, No. SOPSC-CR-2014-00144, Docket Record at 1; State Court Petition.) Counsel was appointed in July 2014, and in November 2014, an amended petition was filed. (Docket Record at 1-2; Amended State Court Petition.) The Superior Court held a two-day evidentiary hearing in March 2015, and in May 2015, the court denied the petition. (Order at 1, 8.)

In its decision on Petitioner's request for post-conviction review, the state court characterized Petitioner's claim as including the following: that trial counsel failed to prepare adequately for trial; that trial counsel failed to give sound advice regarding whether Petitioner should accept plea offers, whether Petitioner should exercise his right to a jury

3

trial, and whether Petitioner should testify at trial; and that trial counsel failed to prepare sufficiently for sentencing. (*Id.* at 2.) The court concluded trial counsel's performance was not substandard, and Petitioner was not prejudiced with respect to any of his allegations, including counsel's request for the DHHS documents. (*Id.* at 4-8.) The court also found that no evidence was presented, or argument made, that appellate counsel provided ineffective assistance. (*Id.* at 7-8.)

In support of his request for discretionary review by the Law Court of the trial court's denial of his request for post-conviction review, Petitioner alleged that counsel failed to advise him properly regarding the State's plea offers (Memorandum in Support of Certificate of Probable Cause at 9); that counsel failed to object to trial testimony or to the prosecutor's references in closing argument that Petitioner had stalked one of the victims, and that he had engaged in prior acts of sexual misconduct (*id.* at 7); that counsel failed to object to the State's alleged reference to Petitioner's failure to testify at trial (*id.* at 8); that counsel requested Petitioner's DHHS records for sentencing and the records proved harmful to Petitioner (*id.* at 3-4); that counsel characterized Petitioner's prior misdemeanor crimes as minor and mitigating factors, whereas the court found the prior crimes were aggravating factors (*id.* at 5-6); and that counsel failed to prepare Petitioner sufficiently for sentencing (*id.* at 6-7). In October 2015, the Law Court denied discretionary review. (*Freeman v. State*, No. Oxf-15-330, Docket Record at 2.)

Petitioner states that he placed his section 2254 petition in the prison mailing system on October 11, 2016; the petition was filed on the docket on October 17, 2016. (Petition at 1, 15.)

4

In April 2017, the Court granted Petitioner's motion for leave to file an amendment to the section 2254 petition. (Order, ECF No. 19.) In the amended petition, Petitioner alleges he did not understand the State's plea offers, and he includes a related claim of ineffective assistance. (Amended Petition at 2-4.) The State argues that the claim in the amended petition is not substantial, that the record does not support the claim, and that Petitioner was not prejudiced. (Response to Motion to Amend, ECF No. 17 at 1-2.)

## II. DISCUSSION

### A. Legal Standards

Pursuant to 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may apply to a federal district court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Absent circumstances not relevant to Petitioner's case, a petitioner is required to exhaust available state court remedies before he seeks federal habeas review. 28 U.S.C. § 2254(b), (c).[3] "Before seeking a federal writ of habeas corpus, a state prisoner must

---

[3] Title 28 U.S.C. § 2254(b) and (c) address exhaustion and state:

> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> **(A)** the applicant has exhausted the remedies available in the courts of the State; or
>
> **(B) (i)** there is an absence of available State corrective process; or
>
> **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.

exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (per curiam)) (quotation marks omitted). In *Baldwin,* the Court noted that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan,* 513 U.S. at 365–66).

To exhaust a claim fully in state court in Maine, a petitioner must request discretionary review by the Law Court. *See* 15 M.R.S. § 2131. The Supreme Court has held that a procedural default bars federal review absent a demonstration of cause for the default and prejudice to the petitioner:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

---

**(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

**(3)** A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

**(c)** An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).[4]

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court recognized a "narrow exception" to its holding in *Coleman*, based on equity, not constitutional law: "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9, 16. However, when the procedural default relates to post-conviction counsel's actions at the discretionary-review stage rather than at the initial-review stage of the collateral proceedings, habeas relief is not available:

> The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial . . . .

*Martinez*, 566 U.S. at 16 (citations omitted).

As to federal habeas claims that were adjudicated on the merits in state court, the federal court may not grant relief unless (1) the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," pursuant to 28 U.S.C. § 2254(d)(1); or (2) the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," pursuant to section 2254(d)(2).[5] *See Brumfield v.*

---

[4] Procedural default is a judicial doctrine "related to the statutory requirement that a habeas petitioner must exhaust any available state-court remedies before bringing a federal petition." *Lovins v. Parker*, 712 F.3d 283, 294 (6th Cir. 2013) (citing 28 U.S.C. § 2254(b), (c)).

[5] Title 28 U.S.C. § 2254(d) addresses claims that were adjudicated on the merits in state court and states:

*Cain*, --- U.S. ---, ---, 135 S. Ct. 2269, 2276 (2015) (noting that a state court's conclusion that the record included "no evidence" on an issue was reviewed under section 2254(d)(2)).

As to review under section 2254(d)(1), "[i]t is settled that a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.'" *Nevada v. Jackson,* --- U.S. ---, ---, 133 S.Ct. 1990, 1992 (2013) (quoting *Harrington v. Richter,* 562 U.S. 86, 102 (2011)).

The First Circuit has identified the following as some of the guidelines that may be used to determine whether a state court decision was objectively unreasonable under section 2254(d)(1):

(1) The focus of the inquiry is on the state court decision;

(2) Even with the deference due by statute to the state court's determinations, the federal habeas court must itself look to 'the totality of the evidence' in evaluating the state court's decision;

(3) The failure of the state court to consider at all a key argument of the defendant may indicate that its conclusion is objectively unreasonable; however, the paucity of reasoning employed by the state court does not itself establish that its result is objectively unreasonable;

(4) The failure of a state court to give appropriate weight to all of the evidence may mean that its conclusion is objectively unreasonable; and

---

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

> (5) The absence of cases of conviction precisely parallel on their facts does not, by itself, establish objective unreasonableness.

*Hurtado v. Tucker*, 245 F.3d 7, 18 (1st Cir. 2001). "The ultimate question on habeas . . . is not how well reasoned the state court decision is, but whether the outcome is reasonable." *Id.* at 20.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth the federal constitutional standard by which claims of ineffective assistance are evaluated; *Strickland* requires a petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 688, 694. A court need not "address both components of the inquiry if the defendant makes an insufficient showing on one . . . ." *Id.* at 697. The Court presumes "that counsel has 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Companonio v. O'Brien*, 672 F.3d 101, 110 (1st Cir. 2012) (quoting *Strickland*, 466 U.S. at 690).

On federal habeas review, a court does not conduct an independent review under *Strickland*: "Since we are considering a habeas challenge, we are not actually tasked with deciding whether [the petitioner's] counsel's performance fell short of *Strickland*'s requirements; rather, the 'pivotal question is whether the state court's application of the *Strickland* standard was unreasonable,'" pursuant to section 2254(d)(1). *Hensley v. Roden*, 755 F.3d 724, 736 (1st Cir. 2014) (quoting *Harrington*, 562 U.S. at 101). "A state court

9

must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 562 U.S. at 101.

Claims of ineffective assistance of counsel are thus subject to a "'doubly deferential'" standard of review, in deference to both the state court and defense counsel. *Woods v. Etherton,* --- U.S. ---, ---, 136 S. Ct. 1149, 1151 (2016) (per curiam) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)). State court determinations of fact "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). A court considers "the totality of the evidence," and "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Strickland*, 466 U.S. at 695-96. "[T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Id.* at 696.

### B. Grounds Asserted and Analysis

#### 1. Exhausted claims

##### a. Claim of ineffective assistance regarding the State's plea offer

Petitioner alleges that counsel failed to advise him properly regarding a plea offer, and as a result, he did not understand "the relationship between the elements" of the crimes or the possible sentences. (Amended Petition at 3.) Petitioner asserts that he tried to explain the issue to appellate counsel and to post-conviction counsel, but neither pursued the claim. (*Id.*) Petitioner contends: "I understood the basic concepts of the fact that I had broken the laws of the State of Maine," and "I had somewhat of a clear idea that I was

guilty of something, but the elements of the offenses eluded me." (*Id.* at 3, 4.) Petitioner alleges that if he had understood the relationship between the elements of the crime and the sentences, he would have accepted the plea offer and pled guilty. (*Id.* at 3-4.) Petitioner exhausted the claim in state court.[6] (Amended State Court Petition at 2; Memorandum in Support of Certificate of Probable Cause at 9.)

Petitioner has failed to meet his burden under either section 2254(d)(1) or (d)(2). The state court found that counsel communicated the State's plea offers to Petitioner, and that counsel reviewed with Petitioner the advantages and disadvantages of accepting the offers.[7] (Order at 5.) The state court also found that Petitioner was aware of the plea offers, that he would not accept any plea offer that required him to plead guilty to a felony, and that he would not plead guilty because he maintained his innocence. (*Id.*) The state court's findings are supported by record evidence, including Petitioner's own post-conviction testimony. (Post-conviction Tr. I at 80; Post-conviction Tr. II at 11-12, 14, 62-63.) Petitioner presents no evidence to rebut the presumption of correctness that applies to the Superior Court's findings, *see* 28 U.S.C. § 2254(e)(1); consequently, the state court decision was not based on an unreasonable determination of the facts, and the conclusion

---

[6] In his state court filing, Petitioner referred to two plea offers. (Memorandum in Support of Certificate of Probable Cause at 9.)

[7] Because in this case the Law Court did not provide the reasoning for its denial of a certificate of probable cause, the final reasoned analysis of the state court, for purposes of review under 28 U.S.C. § 2254, is the order of the Superior Court on post-conviction review. "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Hittson v. Chatman*, 135 S.Ct. 2126 (2015) (Ginsburg, J., concurring in denial of certiorari).

that counsel's performance was not substandard and that Petitioner was not prejudiced does not constitute an unreasonable application of *Strickland*. *See* 28 U.S.C. § 2254(d).

### b. Claim of failure to object to closing argument

Petitioner alleges that counsel failed to object when the prosecutor referred to Petitioner as a "stalker" during closing arguments, or when the prosecutor allegedly commented on Petitioner's failure to testify.[8] (Attachment at 1.) A review of the record, most notably appellate counsel's post-conviction testimony, reveals that the issue of prosecutorial misconduct for the reference to stalking in closing argument was raised on appeal. (Post-conviction Tr. I at 19-20.) *Freeman*, 2014 ME 35, ¶ 11, 87 A.3d 719. Petitioner exhausted the ineffective assistance claim in state court. (Amended State Court Petition at 2; Memorandum in Support of Certificate of Probable Cause at 7.)

The prosecutor used the word "stalking" during closing argument to describe Petitioner's behavior toward one of the victims of the attempted murder, arson, and burglary charges. (Trial Tr. at 370, 411-12.) The Law Court noted the facts regarding

---

[8] Petitioner also alleges that counsel failed to object when the prosecutor referred to Petitioner as a rapist. (Attachment, ECF No. 1-1 at 1.) The Law Court rejected the argument that the State engaged in prosecutorial misconduct by "intentionally eliciting inadmissible testimony" from one of the victims regarding her relationship with Petitioner. *Freeman*, 2014 ME 35, ¶ 11, 87 A.3d 719. In Petitioner's memorandum in support of a certificate of probable cause, Petitioner argued that counsel was ineffective based on a failure to object or to move for a mistrial based on the alleged violation of the court's ruling on a motion in limine regarding prior sexual misconduct. (Memorandum in Support of Certificate of Probable Cause at 7.) To the extent Petitioner intended to reassert the claim in his section 2254 petition, the claim fails because the state court did not unreasonably apply *Strickland v. Washington*, 466 U.S. 668 (1984) when it determined that counsel's objection (Trial Tr. at 60) was not substandard and Petitioner was not prejudiced.

Petitioner's repeated attempts to talk with one of the victims the day before he committed the charged crimes. *Freeman*, 2014 ME 35, ¶ 2, 87 A.3d 719.

The Superior Court stated in its order on the post-conviction petition:

At this post-conviction hearing, Freeman's appeal attorney testified that Freeman's trial attorney failed to object to the closing argument of the prosecutor at trial, when the prosecutor referred to the conduct of the defendant, e.g. the prosecutor referred to the spray painting on the wall stating "Die [_____]" (the name of the victim), characterized Freeman's conduct at the time around the setting of the fire as "stalking" of the victim, and contrasted Freeman's "consciousness of guilt" conduct, with the conduct of people who are innocent and anxious to get their story out.

The failure of Freeman's attorney to object to the State's closing argument means that on appeal, the appellate court (the Law Court) reviews that part of the record, i.e., the State's closing, for obvious error. *State v. Pabon*, 2011 ME 100, ¶ 18, 28 A.3d 147.

In Freeman's appeal, his appellate attorney asserted that the prosecutor's closing argument was prosecutorial misconduct. Freeman's trial attorney[] failed to object to that closing argument, and his attorney on appeal argued to the Law Court that the State's closing was obvious error. The Law Court, which affirmed Freeman's convictions, found the argument unpersuasive and failed to address it in its opinion. This court finds that the statements by the prosecutor during the closing argument do not amount to prosecutorial misconduct, and any objection to that closing argument would not have helped his case in any material way.

The references to Freeman's conduct in the prosecutor's closing were supported in the evidence presented at trial. Any objection by Freeman's attorney to the State's closing would most likely have been overruled, and moreover, would have called undue attention to the damaging conduct of defendant around the time of the arson.

(Order at 3-4.) Trial counsel testified in the post-conviction hearing that there was evidence of stalking at Petitioner's trial, and therefore there was a basis for the reference to stalking in the State's closing argument. (Post-conviction Tr. II at 18-19.)

Given the record evidence, the Superior Court could reasonably find that the prosecutor did not commit misconduct by mentioning stalking, and that an objection by counsel would not have benefitted Petitioner in any significant way. *See* 28 U.S.C. § 2254(d)(2). Under the circumstances, therefore, the court's conclusion that counsel's failure to object was not substandard, and that Petitioner was not prejudiced, was not an unreasonable application of *Strickland*. *See* 28 U.S.C. § 2254(d)(1).

Petitioner also contends that counsel's performance was substandard based on the failure to object when the prosecutor allegedly commented in closing argument on Petitioner's failure to testify at trial. (Attachment at 1.) Petitioner exhausted the claim in state court. (Amended State Court Petition at 2; Memorandum in Support of Certificate of Probable Cause at 7-8.)

The record does not support the factual allegation; the portion of the State's closing argument Petitioner referenced in support of a certificate of probable cause relates to Petitioner's conduct and statements during the investigation, not Petitioner's decision not to testify. (Memorandum in Support of Certificate of Probable Cause at 7-8; Trial Tr. at 364-65, 374-75.) Indeed, trial counsel testified that she did not believe the State's closing argument addressed Petitioner's decision not to testify. (Post-conviction Tr. II at 69-71.) Because the record lacks evidence that the prosecutor referenced Petitioner's decision not to testify at trial, the state court's determination of the facts was not unreasonable, nor was its application of *Strickland* unreasonable. *See* 28 U.S.C. § 2254(d)(1), (2). The claim therefore fails.

### c. Claim of failure to prepare for sentencing

Petitioner alleges that counsel failed to prepare him sufficiently for sentencing. (Attachment at 1.) In particular, Petitioner alleges that counsel failed to review Petitioner's statement before he presented it to the court. (*Id.*) Petitioner exhausted the claim in state court. (Amended State Court Petition at 3; Memorandum in Support of Certificate of Probable Cause at 6-7.)

The Superior Court found:

> At Freeman's sentencing, Freeman made a statement to the court, contrary to his attorney's advice. Despite his attorney's urging that he do so, so that his attorney could review it prior to the sentencing hearing, Freeman did not prepare or write out for his attorney to review what he was to say at sentencing. Freeman's statement was not very eloquent or effective, but not because of any failure on the part of his attorney.

(Order at 7.)

The trial court's finding is supported by the record. (Post-conviction Tr. II at 24-29.) Petitioner has presented no evidence to rebut the presumption of correctness that applies to the Superior Court's finding. *See* 28 U.S.C. § 2254(e)(1). Given the record evidence, the state court's conclusion that counsel's performance was not substandard and Petitioner was not prejudiced was not an unreasonable application of *Strickland*. *See* 28 U.S.C. § 2254(d)(1), (2).[9]

---

[9] To the extent Petitioner also intends to allege ineffective assistance of counsel regarding the sentencing memorandum's references to Petitioner's prior crimes, his age, and his mental health issues as mitigating factors, the claim is exhausted because it was addressed at the post-conviction hearing and in the memorandum in support of a certificate of probable cause. (Post-conviction Tr. II at 33-35; Memorandum in Support of Certificate of Probable Cause at 5-6.) The Law Court addressed the issue on appeal. *Freeman*, 2014 ME 35, ¶¶18-20, 87 A.3d 719. The Court wrote:

15

### d. Claim of failure to investigate before obtaining damaging DHHS records for sentencing

Petitioner argues essentially that he is entitled to relief under either section 2254(d)(1) or section 2254(d)(2), based on the state court's decision that counsel did not provide ineffective assistance regarding Petitioner's DHHS records. (Petition at 5.) Petitioner exhausted the claim in state court. (Amended State Court Petition at 2; Memorandum in Support of Certificate of Probable Cause at 3-4.)

The Superior Court found that counsel did not provide ineffective assistance at sentencing when counsel obtained DHHS records that contained damaging information about Petitioner:

> Freeman asserts that the attorney should not have procured the records of [DHHS] for the court to review for the purpose of imposing sentence. Those DHHS records contained a factual history not very favorable to Freeman, and revealed a long and troubled history of Freeman's propensity to set fires. The dangers that Freeman posed to the public was a major factor relied on by the court in imposing a lengthy sentence. Freeman's attorney, however, after speaking with the family and a doctor who had evaluated Freeman after the trial, had reason to believe that Freeman's troubled history would disclose circumstances in his life that would constitute substantial mitigating circumstances that could be used in the [*State v. Hewey*, 622 A.2d 1151 (Me. 1993)] analysis codified in 17-A M.R.S.A. § 1252-C. That the records disclosed a dangerous history of arson does not mean that his attorney should be faulted for seeking the DHHS records. Freeman's history is what it is, and his attorney's efforts to procure the DHHS records was not unreasonable or incompetent.

---

> We note that, even if the court had found mitigating factors to exist, it could have also concluded that the aggravating factors far outweighed the mitigating factors and it would not have been required to reduce the basic period of incarceration. We find no abuse of discretion in the court's determination that the aggravating factors justified enhancing Freeman's maximum sentence to fifty years.

*Id.* ¶ 20 (citation omitted). The Law Court rejected the ineffective assistance argument when it denied a certificate of probable cause; the decision is not an unreasonable application of *Strickland*. *See* 28 U.S.C. § 2254(d)(1).

(*Id.* at 6.)

The post-conviction record evidence supports the findings. (Post-conviction Tr. II at 35-37, 46, 52-55.) Furthermore, Petitioner has presented no evidence to rebut the presumption of correctness that applies to the Superior Court's finding that counsel, after consulting with Petitioner's family and a doctor, had reason to believe the DHHS records contained substantial mitigating information. *See* 28 U.S.C. § 2254(e)(1). Because the records could reasonably be viewed to include information of potential assistance to Petitioner, the state court's conclusion that counsel's performance was not substandard and Petitioner was not prejudiced was not an unreasonable application of *Strickland*. *See* 28 U.S.C. § 2254(d)(1), (2).

### 2. Unexhausted claims

#### a. Claim of failure to disclose relationship between counsel and a witness

Petitioner alleges counsel failed to disclose that counsel is a personal friend of one of the State's trial witnesses.[10] (Petition at 5.) Petitioner did not fully exhaust the claim in state court; he included it in his state court petition (State Court Petition at 4) and in the amended petition (Amended State Court Petition at 2), but he did not include it in his memorandum in support of a certificate of probable cause.

---

[10] Counsel testified that the witness was a police officer; that the relationship was professional, not personal; that counsel and the witness belong to the same American Legion post; and that the witness was one of approximately 500 "Facebook friends" of counsel. (Post-conviction Tr. II at 15-16.) The witness testified briefly on direct and cross-examination. (Trial Tr. at 85-91.) The witness's last name is spelled phonetically in the post-conviction transcript, and it is spelled differently in the trial transcript. (Trial Tr. at 85-86; Post-conviction Tr. II at 15.)

17

Petitioner procedurally defaulted the claim when he failed to raise it in the memorandum in support of a certificate of probable cause. *See* 15 M.R.S. § 2131; *Baldwin,* 541 U.S. at 29. Because Petitioner's claim is against post-conviction counsel at the discretionary review stage rather than the initial review stage of the post-conviction proceeding, habeas relief is not available. *See Martinez*, 566 U.S. at 16. The claim therefore fails.

### b. Remaining unexhausted claims

Petitioner includes a number of additional unexhausted claims. (Attachment at 1-2.)

Petitioner pursued through initial post-conviction review an ineffective assistance claim based on counsel's failure to request a bench trial; the Superior Court ruled on the claim. (Order at 6-7.) Petitioner also included in his state court petition several additional claims of ineffective assistance regarding the pretrial investigation and sentencing comparisons.[11] (Amended State Court Petition at 1-2.) Petitioner procedurally defaulted the claims when he failed to raise them in the memorandum in support of a certificate of probable cause. *See* 15 M.R.S. § 2131; *Baldwin,* 541 U.S. at 29. To the extent Petitioner asserts a claim against post-conviction counsel based on the failure to raise the claims in the request for discretionary review by the Law Court, the claim is not reviewable in a habeas action. *See Martinez*, 566 U.S. at 16.

Petitioner did not include in his state court petition the remaining section 2254 ineffective assistance allegations, including his contention that counsel failed to move for

---

[11] The Law Court addressed the sentencing comparison issue on appeal. *Freeman*, 2014 ME 35, ¶¶ 15-17, 87 A.3d 719.

a mistrial after witnesses discussed their testimony, and that counsel failed to object when a victim witness became emotional while testifying. (Attachment at 1-2.) Petitioner has failed to provide any further detail regarding the allegations, and thus has failed to demonstrate either substandard performance by counsel or prejudice to Petitioner, or other fundamental miscarriage of justice. Accordingly, the claims fail. *See Coleman*, 501 U.S. at 750.

Petitioner alleges that the police did not investigate other suspects, and that the police committed violations under *Miranda v. Arizona*, 384 U.S. 436 (1966). To the extent Petitioner asserts the claims independent of his claims of ineffective assistance of counsel, the claims are procedurally defaulted. To the extent Petitioner relies on a claim of ineffective assistance of counsel to demonstrate cause for the procedural default, he has failed to provide any support for the ineffective assistance claim. Petitioner has thus failed to demonstrate either ineffective assistance or a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750.

Finally, Petitioner argues a conflict of interest arose, apparently because a justice on the Law Court served as the trial judge. Contrary to Petitioner's argument, a conflict was not presented as the record of the Law Court decision reflects that the trial judge did not serve on the panel of Law Court justices that decided the appeal. *Freeman*, 2014 ME 35, 87 A.3d 719.

### III.  CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend the Court dismiss

Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of June, 2017.